UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK F. KOCH,<br>        Plaintiff,<br>   v.<br>COUNTY OF MONTEREY, et al.,<br>        Defendants. | Case No. 24-cv-08415-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, who is currently housed at Monterey County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review pursuant to 28 U.S.C. § 1915A is Plaintiff's complaint, Dkt. No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. For the reasons set forth below, the Court DISMISSES the complaint with leave to amend.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

//

//

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2    claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not
3    necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the
4    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
5    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
6    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
7    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
8    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*
9    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a
10   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged
11   violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487
12   U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants Monterey County; the Monterey County Sheriff Department Jail ombudsman; ADA coordinator; all classification deputies; commanders Phillips and Guerrero; sergeants Cordon, Knudson, and Coronia; deputies Mendez, Pazozo, and Estavez; and the head sheriff.

The complaint is a laundry list of Plaintiff's concerns about his incarceration at Monterey County Jail. The complaint makes the following allegations. The vast majority of inmates are prevented from accessing phone numbers from their cellphones at booking, which denies them the ability to secure representation from private lawyers. On October 3, when Plaintiff was booked into Monterey County Jail, jail officials refused to allow him to get numbers off his phone, thereby preventing him from finding a private attorney to represent him. Deputies are taking opened legal mail and making it disappear. On October 10, Plaintiff asked deputy Pazozo for a copy of legal mail that he wanted to mail out. Deputy Pazozo took the legal mail in an opened envelope and Plaintiff never saw the legal mail or deputy Pazozo again. When Plaintiff asked deputy Coronia about the legal mail, he received no answer. There needs to be a court order to fix the grievance system, so that the grievances are answered, prison officials follow through on answering the

1  grievances, and inmates are not retaliated against for filing grievances.  Grievances submitted on
2  the tablets are closed at the informal level, thereby subverting access to the formal level of review.
3  The tablet system was offline for a month, and when it came back, all the grievances had
4  disappeared.  Some of the grievances were answered by the ombudsman and by sergeants
5  Knudson and Cordon, who responded that they would come soon to answer the grievance, yet they
6  never did.  After Plaintiff's grievances disappeared, he noticed a change in deputies' attitudes and
7  actions towards him.  Deputy Mendez started referring to Plaintiff as "Mark Cock."  Deputy
8  Estavez turned on his taser while Plaintiff was getting medications and pointed it right in front of
9  Plaintiff.  On November 9th, deputy Estavez was arrested for having a shank in his possession,
10 and Plaintiff believes that deputy Estavez intended to given the shank to another inmate to stab
11 Plaintiff.  Deputies are conspiring to harm Plaintiff.  Plaintiff was moved to an infirmary for four
12 days, and on the fourth day, deputies informed him that he had to either go to a SNY unit or be
13 placed in an all-black pod where he would be the only white inmate.  Monterey County Jail does
14 not maintain a library, as required by 15 Cal. Code Regs. § 1064.  While there is a physical book
15 room at Monterey County Jail, inmates are not allowed to go in and look at books.  While there is
16 a tablet system provided to access books, the tablets only provide access to a couple dozen
17 classical books and the tablet system was offline for the last four weeks.  The lack of access to the
18 tablet system limits inmates' ability to conduct legal research and gather legal forms; and limits
19 inmates' ability to contract with private attorneys, forcing inmates to rely on the public defender's
20 office, which is highly inadequate.  Jail officials fail to answer requests made on paper forms, with
21 the paper requests disappearing after being given to jail personnel.  Jail officials "stack" the legal
22 deck in their favor by requiring inmates conducting legal research to specify what specific legal
23 action they are seeking to undertake.  B Dorm, where Plaintiff is housed, does not have an ADA-
24 dedicated shower chair.  As a result, Plaintiff slipped in the shower and hurt his leg, causing the
25 metal hardware to protrude from his inner knee.  Plaintiff also hurt his leg when he tripped over an
26 extension cord that runs through the middle of the dayroom and the bedding area.  This extension
27 cord is an obvious hazard.  Plaintiff has a doctor's order in place for the following ADA-approved
28 accommodations: a cane, a vest, and double mattress, but he has received none of these items.

3

1  Plaintiff requires a professional orthopedic brace for his left leg due to a combat wound, but has
2  not been provided one.  The medical facilities at the jail, run by Wellpath, are deliberately
3  indifferent to an excessive, serious risk to Plaintiff's health and safety.  Plaintiff has been bitten
4  three times by spiders while sleeping in his assigned bunk.  Plaintiff had to go "man down" to be
5  seen by a doctor.  The ceilings in both pods are covered in black mold which constitutes reckless
6  disregard for Plaintiff's health.  The Veterans Administration mailed Plaintiff's medication to
7  Wellpath over six weeks prior, but the medical doctor shows malicious contempt by claiming that
8  the medication is not here and not looking for the list.  The medical doctor has incorrectly
9  concluded that Plaintiff does not need physical therapy or an examination by an orthopedic
10 surgeon.  The jail-provided food is unhealthy because no fruit is provided, the meals are largely
11 carbohydrates, most of the vegetables and meat come mashed out of boxes, and the food is not fit
12 for human consumption.  The commissary controls the jail meals, which is a conflict of interest.
13 The complaint makes general references to freedom of speech, retaliation, due process, equal
14 protection, deliberate indifference, the ADA, and the First, Fifth, Sixth, and Thirteenth
15 Amendments.  *See generally* Dkt. No. 1.

### C. Dismissal with Leave to Amend

The Court DISMISSES the complaint with leave to amend because if suffers from numerous deficiencies.

First, the complaint is a general list of issues that Plaintiff has with Monterey County Jail. With a few exceptions, the complaint fails to link any of the named defendants to the alleged constitutional violation, or specify what federal law or federal constitutional provision was violated by the specific action or inaction.  The Court encourages Plaintiff to use the court's complaint form in preparing his amended complaint.  For each cause of action, Plaintiff should specify the date and time of the alleged federal constitutional or federal law violation, describe briefly what happened that violated his rights under the federal constitution or federal law, identify the individual defendant(s) that committed the alleged federal constitutional or federal law violation, and specify the federal law or federal constitutional provision violated.  The Court will not attempt to identify causes of actions from a narrative of events.  In addition, as stated above, a

1    pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
2    cause of action, or naked assertions devoid of further factual enhancement does not suffice to state
3    a cognizable claim for relief.  *Ashcroft*, 556 U.S. at 677–78.  Plaintiff must provide more than a
4    conclusory statement that his constitutional rights were violated by prison officials and must do
5    more than proffer a legal term, such as "retaliation" or "deliberate indifference."
6          Second, in this action, Plaintiff may only pursue relief with respect to actions (or inactions)
7    that (1) arise out of the same transaction, occurrence, or series of transactions or occurrences, and
8    (2) share a common question of law or fact.  Fed. R. Civ. P. 20(a)(2).  Rule 20(a)(2) provides that
9    all persons "may be joined in one action as defendants if: (A) any right to relief is asserted against
10   them jointly, severally, or in the alternative with respect to or arising out of the same transaction,
11   occurrence, or series of transactions or occurrences; and (B) any question of law or fact common
12   to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  The upshot of these rules is
13   that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not
14   be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th
15   Cir. 2007).  To seek relief for claims arising out of other incidents or raising different questions of
16   law, Plaintiff must bring separate actions.  For example, Plaintiff's claims concerning his
17   inadequate medical treatment arise out of a different series of transactions or occurrences from,
18   and do not share a common question of law or fact with, Plaintiff's claims that he has faced
19   retaliation for submitting grievances.  Plaintiff needs to choose the claims he wants to pursue in
20   this action that meet the joinder requirements.  Plaintiff must bring separate actions for claims that
21   arise out of separate occurrences and which do not share a common question of law or fact.
22         Third, Plaintiff has named Doe defendants, i.e. named as defendants groups of persons and
23   has failed to identify these defendants by name.  The use of "John Doe" to identify a defendant is
24   not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in
25   part because it is effectively impossible for the United States Marshal to serve an anonymous
26   defendant.  The Court's general practice is to dismiss Doe defendants without prejudice and, if the
27   plaintiff is able to identify the unknown defendant through discovery, allow the plaintiff leave to
28   amend the complaint to name the intended defendant.  *See Gillespie*, 629 F.2d at 642.  In his

1  amended complaint, Plaintiff should identify by name the persons whom he wishes to sue.
2  Plaintiff should refrain from naming Doe defendants in his amended complaint.  If Plaintiff does
3  not yet know the name of individuals whom he wishes to sue, he should first obtain the names of
4  these defendants and then seek leave to amend his complaint to add these defendants by name
5  once he has ascertained their identities.

6  To assist Plaintiff in preparing an amended complaint, the Court reviews the following
7  legal principles for Plaintiff.  There is no Section 1983 liability simply because an individual
8  supervised the alleged wrongdoer.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no
9  respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under
10 theory that one is liable simply because he supervises person who has violated plaintiff's rights).
11 Similarly, conclusory allegations that a supervisor promulgated unconstitutional policies and
12 procedures which authorized their subordinates' unconstitutional conduct are speculative and do
13 not suffice to state a claim of supervisory liability.  *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir.
14 2018).  Section 1983 liability may be imposed on a defendant only if the plaintiff can show that
15 the defendant proximately caused the deprivation of a federally protected right.  *See Leer v.*
16 *Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A violation of Title 15 of the California Code of
17 Regulations do not create a private right of action, *see Barrios v. Torres*, No. 1:20-CV-01234-
18 ADA-CDB (PC), 2023 WL 2696657, at *3 (E.D. Cal. Mar. 29, 2023) (collecting cases), and does
19 not state a cause of action under 42 U.S.C. § 1983, which requires a violation of federal law or the
20 federal Constitution.

21 **D.     Request for Appointment of Counsel (Dkt. No. 1 at 4)**

22 Plaintiff has requested that the Court appoint him counsel, arguing that counsel is
23 warranted because he is a combat veteran who has suffered two traumatic brain injuries; he is
24 mentally handicapped with slow learning, memory problems, and several mental health diagnoses;
25 he suffers from several chronic conditions for which he is having difficulty obtaining proper
26 medical care; and he fears for his life because Monterey County Jail officials have singled him out
27 for retaliation and retribution.  Dkt. No. 1 at 4.  The Court DENIES Plaintiff's request for counsel
28 for the following reasons.  There is no constitutional right to counsel in a civil case unless an

indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Appointing counsel is within the court's discretion and is granted only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (referring to 28 U.S.C. § 1915(d), which was subsequently renumbered to 28 U.S.C. § 1915(e)(1)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*. At this stage of the action, it is unclear whether Plaintiff will succeed on the merits as there is no operative complaint. The request for appointment of counsel is therefore DENIED for lack of exceptional circumstances without prejudice to the Court *sua sponte* appointing counsel in the future should the circumstances so require. Dkt. No. 1 at 4.

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court DENIES Plaintiff's request for appointment of counsel. Dkt. No. 1 at 4.
2. The Court DISMISSES the complaint with leave to amend. Plaintiff shall file his amended complaint within twenty-eight (28) days of the date of this order. The amended complaint must include the caption and civil case number used in this order, Case No. C 24-08415 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. Plaintiff may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint

form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 1/16/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge