UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARK F. KOCH,

    Plaintiff,

v.

COUNTY OF MONTEREY, et al.,

    Defendants.

Case No. 24-cv-08415-HSG

**ORDER OF DISMISSAL**

Plaintiff has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review pursuant to 28 U.S.C. § 1915A is Plaintiff's amended complaint, Dkt. No. 14. For the reasons set forth below, the Court DISMISSES the amended complaint with prejudice for failure to state a claim.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

### B. Procedural History

The initial complaint named as defendants Monterey County and various Monterey County Jail correctional officers. The initial complaint was a laundry list of Plaintiff's concerns about his incarceration at Monterey County Jail, including being unable to access phone numbers from his cellphone at booking, the disappearance of legal mail, the inadequacy of the grievance system, retaliation, harassment, lack of access to the book room, limitations on inmates' ability to conduct legal research, the lack of an ADA shower chair, the failure to receive his ADA-related items, black mold on the ceilings, the failure to receive his medication, unhealthy food, and more. *See generally* Dkt. No. 1.

The Court dismissed the complaint with leave to amend, noting that Plaintiff had (1) failed to link any of the named defendants to the alleged constitutional violation, or specify what federal law or federal constitutional provision was violated by the specific action or inaction; and (2) violated the joinder rule set forth in Fed. R. Civ. P. 20(a)(2).

### C. Amended Complaint

The amended complaint names Monterey County as the sole defendant. The amended complaint makes the following factual allegations. On October 1, 2024, when Plaintiff was booked into county jail, correctional officials refused to allow Plaintiff to access the phone numbers on his cell phone. This refusal prevented Plaintiff from contracting with an attorney to defend himself. This refusal also denied Plaintiff his right to contract with a shelter to care for his Veterans Administration service animal. As a result, Plaintiff's dog was killed at the local animal shelter. Plaintiff alleges that the refusal to allow him to access the phone numbers stored on his cell phone violated 42 U.S.C. § 1981, and the Eighth, Thirteenth, and Fourteenth Amendments. *See generally* Dkt. No. 14.

**D.      Dismissal for Failure to State a Claim**

The Court dismisses the amended complaint with prejudice for the following reasons.

First, the amended complaint fails to state a claim for violation of 42 U.S.C. § 1981. 42 U.S.C. § 1981 prohibits racial discrimination in the making and enforcement of contracts, whether through state action or private action. *See Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). According to the amended complaint, Monterey County has a general policy prohibiting all persons who are being booked into custody from accessing phone numbers from their cellphone. A general policy applicable to all persons does not state a 42 U.S.C. § 1981 claim because there is no racial discrimination.

Second, the amended complaint fails to state a claim for violation of the Eighth, Thirteenth, or Fourteenth Amendments.  The Eighth Amendment prohibits cruel and unusual punishment; the Thirteenth Amendment prohibits involuntary servitude; and the Fourteenth Amendment, generally speaking, prohibits the deprivation of life, liberty, or property without due process, and guarantees persons equal protection of the laws.  Plaintiff has not explained how the jail's booking policy violated these Amendments, and it does not appear that the booking policy violates these Amendments.

Plaintiff has previously been instructed that a pleading that offers only labels and conclusions does not state a cognizable claim for relief.   Dkt. No. 12 at 2, 4-5 (citing to *Ashcroft*, 556 U.S. at 677–78).  Plaintiff has not corrected this deficiency.  Accordingly, the Court DISMISSES the amended complaint with prejudice for failure to state a claim.  *See, e.g., Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (district court may deny leave to amend where there have been repeated failures to cure deficiencies by amendment).

//
//
//
//
//
//

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES this action with prejudice for failure to state a claim. Judgment is entered in favor of Defendant and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: March 14, 2025

HAYWOOD S. GILLIAM, JR.
United States District Judge